# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:01-CR-12-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| RANDALL ANTONIO CARSON, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction for the reasons set forth in the Supplement to the Presentence Report. The government does not oppose a reduction to 56 months' imprisonment, which is also the recommendation of the Probation Office.

2. Whether the defendant is entitled to a reduction to 56 months (as the government and the Probation Office contend) or 51 months (as the defense contends) depends on whether this Court follows the reasoning of the Fourth Circuit in United States v. Pillow, 191 F.3d 403 (4th Cir. 1999), in the context of § 3582 resentencings.

3. Nevertheless, it is settled that under 18 U.S.C. § 3582(c)(2) the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is

discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

4. The full record before the Court reflects a defendant who used and possessed a firearm during and in relation to his drug trafficking crimes, as evidenced by his guilty plea to that separately charged offense. Based on these offense characteristics, the Court finds based upon its consideration of the § 3553(a) factors[1] that a reduction in sentence below 56 months for Count One would not be justified. Therefore, the Court need not decide whether Pillow is applicable to this case, and defendant's motion will be allowed and his sentence reduced to **56 months** as to Count One and **60 months** as to Count Two, to run consecutively.

An appropriate Order shall issue separately.

Signed: September 5, 2008

Frank D. Whitney
United States District Judge

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).